IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CARLOS R. BRANDON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 09-0453-CV-W-ODS |
| ) | Crim. No. 05-00029-02-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF
PURSUANT TO 28 U.S.C. § 2255 AND (2) GRANTING CERTIFICATE OF
APPEALABILITY

Pending is Movant's Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255. The motion is denied.

I. BACKGROUND

Movant was charged with various drug and firearm crimes. Prior to trial, the Government filed an information pursuant to 21 U.S.C. § 851 that established Defendant had two prior drug convictions and the Government's intent to rely on those convictions at sentencing in the event Movant was convicted. After detailing these facts, the information advised as follows:

> As a result of these prior, drug-related felony convictions, the penalty for Count One of the Indictment in this matter is increased from a range of ten years to life imprisonment to a statutory minimum period of incarceration of life imprisonment. 21 U.S.C. § 841(b)(1)(A).
> As a result of these prior, drug-related felony convictions, the penalty for Count Two of the Indictment in this matter is increased from a range of ten years to life imprisonment to a statutory minimum period of incarceration of life imprisonment. 21 U.S.C. § 841(b)(1)(A).
> As a result of these prior, drug-related felony convictions, the penalty for Count Five of the Indictment in this matter is increased from a range of five to forty years to a statutory minimum period of incarceration of ten years to life imprisonment. 21 U.S.C. § 841(b)(1)(B).

Movant proceeded to trial and was found guilty on Counts One, Five, and Seven. He was acquitted on the other charges, including Count Two. He was sentenced to concurrent life terms on Counts One and Five, and a consecutive five year term on Count Seven. Movant appealed his conviction and sentences; the convictions were affirmed, as were the sentences on Counts One and Seven. The case was remanded for resentencing on Count Five. United States v. Brandon, 521 F.3d 1019 (8th Cir.), cert. denied, 129 S. Ct. 314 (2008). On remand, Movant was sentenced to 210 months imprisonment on Count V (to run concurrently with the life sentence on Count One). Movant appealed, and the new sentence was affirmed. United States v. Brandon, No. 08-2556 (8th Cir. Aug. 5, 2009).

Movant filed his motion for postconviction relief while the second appeal was pending. The Government filed a motion to dismiss because the underlying criminal case was on direct appeal, but the Court of Appeals issued its decision before the Court could consider that motion. The Government's Motion to Dismiss was denied as moot on August 20, 2009.

## II. DISCUSSION

### A.

Movant contends his attorney provided ineffective assistance for failing to object to the information. He believes the information was constitutionally inadequate for failing to apprise him of other eventualities – specifically, that the jury could have convicted him of a lesser offense on Count I that would not have required imposition of a life sentence.

A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied,

2

517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). Movant's claim fails to satisfy either prong.

As to the prejudice prong, the Court holds Movant's trial counsel did not fall below the range of competent assistance because the objection he identifies lacks any merit. There is no requirement – in statute, case law, or the Constitution – that requires the Government to advise a criminal defendant of all possible consequences for the decisions the defendant makes. "Notice is sufficient if a defendant receives 'notice of the prior convictions, *the effect it would have on the maximum sentence*, and an opportunity to dispute the conviction.'" United States v. Roundtree, 534 F.3d 876, 881 (8th Cir. 2008) (quoting United States v. Timley, 443 F.3d 615, 626 (8th Cir.), cert. denied, 549 U.S. 889 (2006)) (emphasis supplied). Movant was told that the maximum sentence he faced was life imprisonment, and the notice was not invalid for failing to tell Movant about the lesser sentences he might receive if he were convicted on lesser charges.

The Court also discerns no prejudice because there is no logical indication as to how Movant would have altered his course had he known the jury might convict on a

3

lesser offense. Armed with the knowledge that he faced a maximum of life imprisonment, Movant elected to go to trial. The worst case scenario came true: he was sentenced to life in prison. The Court does not see how Movant's decisions were prejudiced by not knowing that, in addition to a maximum of life in prison, other possibilities included conviction on a lesser charge and, thus, a lesser sentence. Movant does not contend he could have pled to a lesser charge, and the Government denies this possibility. Movant does not indicate he would have pled guilty to the crime charged instead of going to trial – indeed, such a possibility makes no sense because it would have resulted in the very same life sentence he received following trial. His opportunity to convince the jury to convict him on a lesser charge – just like his opportunity to argue for acquittal – were always present, so no opportunity was lost. Ultimately, Movant's options – and the jury's decision – would not have changed had the Government provided the information Movant contends he lacked.

<u>B.</u>

In order to appeal, Petitioner must first obtain a Certificate of Appealability. The Court customarily issues an Order addressing the Certificate of Appealability contemporaneously with the order on the Motion because the issues are fresh in the Court's mind and efficiency is promoted.

28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (quotation omitted).

The Court has conducted an independent review of the matter and concludes that a Certificate of Appealability should be denied. When a Certificate of Appealability is denied, the court is required to "state why such a certificate should not issue." Fed. R. App. P. 22(b). Here, Movant's attorney did not violate the performance prong

because the information was adequate as a matter of law.  Moreover, even if the performance prong were violated, Movant suffered no prejudice.  These are points upon which there can be real disagreement, so a Certificate of Appealability is not justified.

### III.  CONCLUSION

For these reasons, the motion for postconviction relief is denied, and a Certificate of Appealability will not be issued.

IT IS SO ORDERED.

DATE: October 26, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT